1  SUSAN KUMLI
   Acting Regional Solicitor
2  LAURA BREMER (CSBN 162900)
3  Counsel for ERISA
   RACHEL A. UEMOTO (CSBN 335405)
4  Uemoto.Rachel@dol.gov
5  Trial Attorney
   UNITED STATES DEPARTMENT OF LABOR
6  350 S Figueroa Street, Suite 370
7  Los Angeles, CA 90071
   Telephone: (213) 894-4229
8  Facsimile: (213) 894-2064
9
   *Attorneys for Plaintiff Martin J. Walsh*
10 *United States Secretary of Labor*
11
12             UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
13
14
15 | MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | Case No.: 2:21-cv-8327 |
   |---|---|
16 | | |
17 | Plaintiff, | **COMPLAINT FOR VIOLATIONS OF ERISA** |
18 | v. | |
19 | RESOLVENET USA, INC., a Delaware corporation, and RESOLVENET USA, INC. 401(k) PROFIT SHARING AND TRUST PLAN, an employee benefit plan, | |
20 | | |
21 | | |
22 | | |
23 | Defendants. | |
24
25
26
27
28

**Complaint for Violations of ERISA**                                    Page 1 of 7

1. Plaintiff Martin J. Walsh, Secretary of Labor for the United States Department of Labor ("the Secretary"), brings this action requesting that the Court appoint an independent fiduciary for Resolvenet USA, Inc. 401(k) Profit Sharing and Trust Plan ("Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to Section 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5).

## Jurisdiction, Parties, and Venue

2. The Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Resolvenet USA, Inc. 401(k) Profit Sharing and Trust Plan is an employee pension benefit plan as defined under ERISA § 3(3), 29 U.S.C. § 1002(3).  The Plan is named as a Defendant under Rule 19(a) of the Federal Rule of Civil Procedure, solely to ensure complete relief can be granted.

4. The Plan was sponsored by Resolvenet USA, Inc. ("Resolvenet" or "Company"), a Delaware corporation. Resolvenet's principal place of business was Los Angeles, California.

5. Resolvenet was incorporated in the state of Delaware on January 12, 2000 and registered with the California Franchise Tax Board on July 3, 2000.

6. Under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this action lies in the Central District of California ("District") because the Plan was administered within the District.

## Factual Allegations

7. Pursuant to the Plan's governing documents, Resolvenet is the Plan Administrator with discretionary authority over the Plan and is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(16).

8. Resolvenet employee Julie Carver is the Plan Trustee with discretionary authority over the assets of the Plan and therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(16).

9. Paychex, Inc. ("Paychex"), is the Plan's Third Party Administrator and has been since entering into an adoption agreement with Resolvenet on or around June 2, 2002.

10. Merrill Lynch Wealth Management ("Merrill Lynch"), is the Plan's asset custodian, and it can act only at the direction of the Plan Administrator or a properly appointed discretionary trustee or fiduciary.

11. Defendant Resolvenet ceased operating in or around 2004.

12. Pursuant to the Plan's governing documents, participants were permitted to designate one or more primary and contingent beneficiaries to receive all or limited portions of the participant's account balance in the event that the

participant expires. If a participant expires without designating a beneficiary, or if the beneficiary predeceases the participant, the account balance is distributed to the participant's surviving spouse or estate.

13. Prior to and at the time of Resolvenet's cessation of operations, Resolvenet failed to take steps to ensure beneficiaries received the distributions that were due to them.

14. The Plan's custodian, Merrill Lynch, will not authorize distributions of the remaining Plan assets to the Plan's remaining beneficiary without direction from a properly appointed fiduciary or a court-appointed independent fiduciary.

15. Since 2015 Julie Carver has failed to administer her duties as Plan Trustee. Specifically, she has failed to issue immediate distribution to the final remaining beneficiary of the Plan when the beneficiary filed a distribution election form, and failed to appoint a successor or another to authorize Plan distributions. The current whereabouts of Ms. Carver are unknown and have been since at least 2017.

16. The Plan documents allow Resolvenet to replace a Trustee. Despite Ms. Carver's failure to fulfill her duties as Plan Trustee, Resolvenet has not replaced her with another trustee who will wind down the plan and authorize distribution of the benefits due.

17. As of December 9, 2019, the Plan had one (1) participant, former employee Robert Spielman, and $5,948.48 in Plan assets. Robert Spielman passed away on May 7, 2011 and was survived by his spouse, Laura Spielman.

### Violations of ERISA

18. Because of the facts and circumstances set forth in Paragraphs 7-18 above, Plan Administrator Resolvenet has failed to discharge its fiduciary duties with respect to the Plan by:

   a. Failing to monitor its sole appointed Trustee, Julie Carver, to ensure that she perform her fiduciary duties in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

   b. Failing to remove its sole appointed Trustee, Julie Carver, after she breached her fiduciary duties to act solely in the interest of the participants and beneficiaries of the Plan by distributing benefits and defray reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

   c. Failing to act with the care, skill prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

19. Because of the facts and circumstances set forth in Paragraphs 7-19 above, Plan Administrator Resolvenet is liable as a co-fiduciary under ERISA § 405(a), 29 U.S.C. § 1105(a). The Company is liable under ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), because its failure to comply with its obligations under 404(a)(1), 29 U.S.C. § 1104(a)(1)(A), allowed Trustee Julie Carver to violate ERISA by failing to distribute the assets to a beneficiary as required by the Plan documents.

20. Because of the facts and circumstances set forth in Paragraphs 1-20 above, the sole remaining Plan beneficiary is unable to access her deceased spouse's account balance to reinvest them in other tax-qualified retirement savings vehicles before retirement, to draw them down upon retirement, or for any other purpose. Because the basis upon which payments are made from the Plan are not and cannot be specified without a properly appointed discretionary trustee, the Plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

21. As a direct and proximate result of the breaches and violations set forth in Paragraphs 1-21 above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary, under ERISA § 409, 29 U.S.C. § 1109.

**FOR THESE REASONS**, in accordance with ERISA § 502(a)(2) & (5), 29 U.S.C. § 1132(a)(2) & (5), the Secretary prays that the Court:

  a. remove Julie Carver from her position as the Plan Trustee and named fiduciary of the Plan;

  b. appoint an independent or successor fiduciary with discretionary authority to administer the Plan to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries; and

  c. provide such other relief as may be just and equitable.

Dated:  October 20, 2021

SEEMA NANDA
Solicitor of Labor

SUSAN KUMLI
Acting Regional Solicitor

LAURA BREMER
Counsel for ERISA

*/s/ Rachel A. Uemoto*

RACHEL A. UEMOTO
Trial Attorney

Attorneys for the Plaintiff